UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

---

**CLIFFORD W. SHEPARD,**
        **Plaintiff,**

    v.                                                 Case No. 17-C-3104

**SPECTRUM f/k/a Bright House Networks LLC,**
        **Defendant.**

---

## ORDER

    Clifford Shepard, representing himself, brought this case in the Superior Court of Marion County, Indiana, against Credit Protection Association L.P. (CPA) and Spectrum alleging violations of unspecified federal and state laws governing debt collection and credit reporting practices and state tort law. Defendants removed the case to this court. Shepard moves to remand it to state court. Whether removal was proper here "must be determined from what necessarily appears in the plaintiff's statement of his own claim," i.e., the complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75 (1914)).

    The complaint alleges as follows: Shepard contracted with Spectrum to receive broadband internet service at his home. Later, due to account arrears, Spectrum deactivated his service and referred his account to CPA for collection. Shepard demanded verification of a portion of the debt, which CPA did not provide, and tried to dispute it. CPA then warned Shepard that it would report his debt to credit reporting agencies unless he paid Spectrum the full amount due within 30 days. Shepard paid Spectrum in full within the specified time, but CPA reported his account anyway. When

Shepard told CPA about its mistake, CPA notified the credit reporting agencies that its reports were erroneous and closed its file on Shepard's account with Spectrum.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . , to the district court . . . for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants removed this case asserting that this court has original jurisdiction over it because it "aris[es] under the . . . laws . . . of the United States." *See id.* § 1331. Specifically, defendants stated that the facts as alleged in the complaint give rise to claims under the Fair Debt Collection Practices Act (FDCPA).

Shepard does not dispute that his complaint alleged a basis for federal claims giving rise to jurisdiction under § 1331, but he argues that he dismissed any such claims prior to removal when he filed a notice of voluntary dismissal in state court, pursuant to state procedural rules, dismissing CPA as a defendant. Thus, Shepard says, there were no claims in this case arising under federal law when defendants removed it. The record suggests that defendants were not aware of this when they removed the case, as Shepard dismissed CPA earlier that same day, but Spectrum does not dispute Shepard's assertion that his notice of dismissal in state court was immediately effective.

Spectrum argues that, even without CPA as a defendant, this case arises under federal law because the complaint alleges that Spectrum is vicariously liable for CPA's violations of the FDCPA. But, given the facts as alleged in the complaint, Spectrum is not a "debt collector" subject to the FDCPA, which, as relevant here, primarily governs the conduct of "third party collection agents" like CPA, not "debt owner[s]" like Spectrum. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721–22

(2017). As such, Spectrum was neither (1) "independently obliged to comply with the Act" nor (2) "require[d] . . . to monitor the actions of those it enlist[ed] to collect debts on its behalf" to ensure *their* compliance with it. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016). As the alleged facts do not give rise to claims that Spectrum is liable, vicariously or otherwise, under the FDCPA, federal jurisdiction based on the FDCPA does not exist in this case, at least without CPA as a defendant.

Spectrum also suggests that federal jurisdiction exists in this case because the complaint refers to conduct governed by the Fair Credit Reporting Act (FCRA), such as "credit reporting by furnishers" and "disputes by consumers . . . related to the reporting." *See* Def.'s Opp'n Br., Docket No. 11, at 2 n.3. The FCRA, in relevant part, imposes duties on "furnishers of information to consumer reporting agencies," including a duty "to provide accurate information" and a duty "to provide notice" if a consumer disputes "the completeness or accuracy of any information furnished." *See* 15 U.S.C. § 1681s-2(a). But there is no private right of action under the FCRA for violations of these duties. *See, e.g.*, *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012). Rather, these duties are "enforced *exclusively*" by designated federal and state agencies and officials, e.g., the Federal Trade Commission. *See* §§ 1681s, 1681s-2(c)(1), (d) (emphasis added). As such, the alleged facts do not give rise to any claims under the FCRA, and federal jurisdiction based on the FCRA does not exist in this case.

Spectrum has not shown that the complaint states any claims against it over which federal subject-matter jurisdiction exists, and Shepard has dismissed, or at least disclaimed, any causes of action against CPA. Therefore, remand is either required under 28 U.S.C. § 1447(c), for lack of subject-matter jurisdiction, or appropriate under

3

28 U.S.C. § 1367(c), because the parts of this lawsuit that were "within federal jurisdiction" have been resolved and I see no reason to exercise supplemental jurisdiction over the rest of it. *See Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010). Accordingly, I will grant Shepard's motion and remand this case.

Shepard asks for "just costs and . . . actual expenses . . . incurred as a result of the removal." *See* § 1447(c). But "such payment may be required 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 469 (7th Cir. 2013) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Here, the record suggests that defendants did not know when they sought removal that Shepard had dismissed CPA as a defendant, and the complaint's allegations against CPA provided an objectively reasonable basis for seeking removal. Thus, I will deny Shepard's request.

**THEREFORE, IT IS ORDERED** that Shepard's motion to remand this case to state court (Docket No. 7) is **GRANTED** and this case is **REMANDED** to the Superior Court of Marion County for further proceedings. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** that Shepard's request for costs and expenses (Docket No. 14, at 9) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions in this case (Docket Nos. 9, 18, and 20) are **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2018.

      _s/Lynn Adelman_
      LYNN ADELMAN
      District Judge